*338 OPINION.
Hill :
The first issue raised by the pleadings in this case is whether respondent erred in determining the limitation on the foreign tax credit to which petitioner is entitled under section 131 of the Revenue Act of 1928,[1] by treating the taxes deducted from dividends received by petitioner from a subsidiary British corporation as taxes paid by the British corporation rather than as taxes paid by petitioner. This issue presents the specific question of whether the taxes deducted from the dividends received by petitioner from its British subsidiary constituted income taxes paid by it to a foreign country, within the meaning of the statute.
Under British law, stockholders in British corporations are required to report as income, in addition to the amount of dividends *339 actually received, amounts which, reflect their respective proportions of the tax paid by the corporation on its own profit, thus treating the tax in effect as having been paid by the stockholders. This viewpoint regards the tax as being substantially a part of the dividends distributed to the stockholders and by them paid to the government through the agency of the corporation.
Petitioner contends that it is entitled to credit against its United States income tax the full amount of British tax deducted from the dividends received from its British subsidiary as income tax paid by it to a foreign country, while respondent determined and here contends that petitioner is entitled to a credit equal only to the amount of the British tax “deemed” to have been paid by it under the provisions of subsection (f).
In the cases of Mary Duke Biddle and George W. Elkins, 33 B. T. A. 127, the same British tax was involved and the same question presented as in the instant proceeding. We there held that a citizen of the United States receiving dividends from a British corporation is not entitled under section 131 of the Revenue Act of 1928 to a credit of the amount of the British tax, ánd that such citizen is not required to include the British tax in gross income as a part of dividends so received.
The Biddle case was taken on review to the United States Circuit Court of Appeals for the Second Circuit, where our decision was affirmed. See 88 Fed. (2d) 718. The Elkins case was taken on review to the United States Circuit Court of Appeals for the Third Circuit, where our decision was reversed. See 91 Fed. (2d) 534. The Third Circuit followed a prior decision of the same question by the First Circuit in United Shoe Machinery Corporation v. White, 89 Fed. (2d) 363. The Supreme Court granted certiorari, and in an opinion rendered January 10, 1938, 302 U. S. 573, affirmed the Second Circuit in the Biddle case, and reversed the Third Circuit in the Elkins case. On authority of such decision of the Supreme Court, respondent’s action on the first issue in the instant proceeding is approved.
The second issue raised by the pleadings in this case involves the question whether the limitation of the proviso clause of subsection (f) should be applied separately to that portion of the income tax of each of petitioner’s foreign subsidiaries which petitioner is “deemed” to have paid, or whether the limitation of such proviso should be applied to the total amount of the taxes “deemed” to have been paid by petitioner through all of its foreign subsidiaries.
This question was considered by the First Circuit, and decided adversely to petitioner’s contentions, in United Shoe Machinery Corporation v. White, supra. While the views of that court respecting *340 the credit of British tax on dividends against the United States income tax were disapproved by the Supreme Court in the Biddle and Elkins cases, we do not think that fact militates against the soundness of the court’s reasoning on the separate and unrelated question under consideration here. On that question, the court in its opinion said:
On tlie third point the plaintiff contends that the limitation on credit under 238 (e) should be computed by lumping all dividends from, and all taxes on, its foreign subsidiaries, treating them for the purposes of credit under this clause as if they constituted a single foreign subsidiary. The short answer to the contention is that the statute plainly contemplates nothing of the sort. It begins, “For the purposes of this section a domestic corporation which oims a majority of the voting stoch of a foreign corporation from which it receives dividends," etc. Later the statute refers to “the accumulated profits of such foreign corporations.” It is clear that the clause is written with a single foreign subsidiary in mind. If any general aggregation of dividends and taxes with respect to all foreign subsidiaries of a taxpayer who happened to have several had been in mind, as the plaintiff asserts, such an intention would certainly have been indicated in the wording of the section. We think it clear that the section does not have the meaning contended for by the plaintiff.
The statute applicable in the cited case was section 238 of the Revenue Act of 1921, which corresponds to section 131 of the Revenue Act of 1928.
From a careful consideration of the language used in subsection (f), we think the construction contended for by petitioner is not only unwarranted, but, if consistently applied, would lead to inequitable results not contemplated by Congress.
On the second issue, respondent’s determination is approved. In accordance with the facts stipulated by the parties,

Judgment will he entered under Rule 50.

 SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF THE UNITED STATES.
(a) Allowance of credit. — The tax imposed by this title shall be credited with:
(1) Citizen and domestic corporation.— In the ease of a citizen of the United States and of a domestic corporation, the amount of any income, war-proflts, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and
* * * * * *
(f) Taxes of foreign subsidiary. — For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends (not deductible under section 23 (p)) in any taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits: Provided, That the credit allowed to any domestic corporation under this subsection shall in no ease exceed the same proportion of the taxes against which it is credited, which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included. * * *